

## Texas Department of Transportation

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

March 28, 2019

Samuel Schweinsberg
123 Montrose Dr
New Brighton, PA 15066

Re:   GCD No. 44240
      Cause No. 2019-18623
      Harris County
      Plaintiff: Amanda Thomas
      Defendant: Samuel Schweinsberg

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition and Request for Disclosure on March 28, 2019.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.


General Counsel Division


Enclosures

cc:   Walter Perry Zivley, Jr.
      Attorney at Law
      601 Sawyer St., Suite 600
      Houston, TX 77007
      Telephone (713) 739 7722

U.S. Certified Mail No. 7016 2140 0000 3286 2981
Return Receipt Requested

CAUSE NO.   201918623

DELIVERED. 3/28/19
By: _____ KM

RECEIPT NO.
\*\*\*\*\*\*\*\*\*\*

0.00    ATY
TR # 73604022

PLAINTIFF: THOMAS, AMANDA
vs.
DEFENDANT: SCHWEINSBERG, SAMUEL

In The   157th
Judicial District Court
of Harris County, Texas
157TH DISTRICT COURT
Houston, TX

CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

**RECEIVED**

MAR 28 2019

**GENERAL COUNSEL**

TO: SCHWEINSBERG, SAMUEL MAY BE SERVED BY SERVING J BRUCE BUGG JR
    THE CHAIRMAN OF TX TRANSPORTATION COMMISSION
    125 E 11TH STREET AUSTIN TEXAS 78701
    FORWARD TO:
    123   MONTROSE DR    NEW BRIGHTON    PA   15066

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 13th day of March, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 22nd day of March, 2019, under my hand and seal of said Court.



Issued at request of:
ZIVLEY, WALTER PERRY JR.
601   SAWYER SUITE 600
HOUSTON, TX   77007
Tel: (713) 739-7722
Bar No.:   22280050

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MOMON, RHONDA   HWP//11182844

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 9:00 o'clock A .M., on the 28th day of March, 2019

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____ County, Texas

By _____

Affiant                                   Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.HWY.P                    *73604022*

3/13/2019 4:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31920919
By: Adiliani Soli
Filed: 3/13/2019 4:21 PM

**2019-18623 / Court: 157**

CAUSE NO. _____

| | | |
|---|---|---|
| AMANDA THOMAS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| SAMUEL SCHWEINSBERG AND | § | |
| JJ WOODROW, INC. | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **AMANDA THOMAS**, Plaintiff in the above-styled cause, complaining of and against **SAMUEL SCHWEINSBERG and JJ WOODROW, INC.** (hereinafter sometimes jointly referred to as "Defendants"), and would respectfully show the Court the following:

## I.
### Discovery

Discovery is intended to be conducted under Level 3 and Plaintiff hereby moves for a level 3 discovery plan. Plaintiff states, as required by law, that Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## II.
### Parties

Plaintiff, Amanda Thomas, (hereinafter sometimes referred to as "Plaintiff") is a resident citizen of Shreveport, Louisiana. Plaintiff's LDL number is XXXXX315 and her SS number is XXXXXX529.

Defendant Samuel Schweinsberg (hereinafter sometimes referred to as "Schweinsberg") is a nonresident individual who resides at 123 Montrose Drive, New Brighton, PA 15066. Defendant

Samuel Schweinsberg is a nonresident involved in a collision while operating a motor vehicle on a public roadway in Texas. As such, pursuant to Texas Civil Practice & Remedies Code Section 17.062, et seq., the Chairman of the Texas Transportation Commission is the agent for service of process for Defendant Samuel Schweinsberg. The current Chairman of the Texas Transportation Commission is J. Bruce Bugg, Jr., who may be served by certified mail, return receipt requested, at 125 E. 11th Street, Austin, Texas 78701. The Chairman of the Texas Transportation Commission will then forward a copy of process via certified mail, return receipt requested, to Defendant Samuel Schweinsberg at his last known address: 123 Montrose Drive, New Brighton, PA 15066.

Defendant, JJ Woodrow, Inc. (hereinafter sometimes referred to as "Woodrow") is a foreign business organized under the laws of Pennsylvania with its principal place of business in Beaver County, Pennsylvania. Despite committing a tort in Texas and/or conducting and engaging in business in the State of Texas and having substantial and significant contacts with the State of Texas, Defendant JJ Woodrow, Inc., does not maintain a registered agent for service of process or a regular place of business in the State of Texas. Accordingly, the Texas Secretary of State is the agent for service on Defendant JJ Woodrow, Inc., who may be served by registered mail, return receipt requested, at PO Box 12079, Austin, Texas 78711. TEX. CIV. PRAC. & REM. CODE § 17.044(b). The Texas Secretary of State will then forward process via certified mail, return receipt requested, to JJ Woodrow, Inc.'s home office, to the attention of JJ Woodrow, Inc.'s President, Jason J. Woodrow, at 1905 3rd Ave., New Brighton, Pennsylvania 15066.

### III.
### Jurisdiction & Venue

The Court has long-arm jurisdiction over the Defendants pursuant to Texas Civil Practice

& Remedies Codes Sections, 17.041 et seq, & 17.061 et seq., because they committed a tort in whole or in part and/or had an auto collision on a Texas roadway giving rise to this suit.

Venue in this cause of action is proper in Harris County pursuant to §15.002(a)(1) and (2) and §15.005, as the collision in question took place in Harris County, Texas.

## IV.

### Factual Background

On March 16, 2017, Amanda Thomas was traveling westbound on North Loop East in Houston, Texas. Schweinsberg was also traveling westbound on North Loop East when he suddenly and unexpectedly failed to maintain his single lane of traffic steering his truck into the lane to his left. Schweinsberg's abrupt lane change caused his left rear bumper to strike another automobile's front right side causing the automobile Schweinsberg collided with to in turn collide with Plaintiff's truck on the front right side. The collision with Plaintiff's caused serious and extreme personal injuries to the Plaintiff, for which she now sues to recover. Schweinsberg was cited for failure to maintain a single lane and such violation and action was the cause of the above described collisions.

At the time of the collisions, Schweinsberg was driving a 2009 black Chevrolet Silverado C1500 owned by Woodrow. At all times material hereto, Schweinsberg was acting in the course and scope of his employment with Woodrow. Alternatively, Schweinsberg was acting as the statutory employee, agent, vice-principle, servant and/or representative of Woodrow.

## V.
## Causes of Action

Schweinsberg was negligent in the operation of his motor vehicle and his negligence was a proximate cause of Plaintiff's injuries. Schweinsberg's actions and omissions constituting negligence include, but are not limited to, the following:

a. failing to keep a proper lookout;

b. failing to maintain a single lane of traffic;

c. failing to take proper evasive action;

d. failing to yield the right of way; and

e. in driving inattentively.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

At the time of the collision Schweinsberg was acting as the employee, statutory employee, agent, servant, and/or representative of Woodrow, in the course and scope of his employment. As such, Woodrow is vicariously liable for the negligent actions and omissions of Schweinsberg described above pursuant to the doctrine of Respondeat Superior.

Additionally, Woodrow is liable for its own actions and omissions constituting negligence. Woodrow was negligent in the hiring, training, retention, and supervision of Schweinsberg which was a proximate cause of the injuries and damages sustained by Plaintiff. Woodrow failed to provide safe working conditions for its employees/agents, including Schweinsberg, which proximately caused the injuries and damages sustained by Plaintiff.

4

## VI.

### Damages

Defendants' acts and omissions were a proximate cause of the injuries and damages sustained by Plaintiff. Defendants are liable for all Plaintiff's injuries and actual damages, jointly and severally, as described more fully herein.

Plaintiff hereby seeks to recover all damages, both past and future, to which she may show herself justly entitled under Texas law, including, but not limited to, past and future medical expenses; physical pain; mental anguish; physical impairment; loss of earnings; loss of earning capacity; and loss of household services.

## VII.

### Jury Trial Requested

Plaintiff requests a jury trial and has paid the applicable jury fee with the filing of this Petition.

## VIII.
### Written Discovery

**Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).**

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that on final trial Plaintiffs have:

a. Judgment against the Defendants, jointly and severally, for past and future damages permitted under Texas law and for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the maximum legal rate until judgment;

b. Interest after judgment at the maximum legal rate until paid;

c. Costs of suit; and

d.  Such other and further relief to which the Plaintiff may be justly entitled.

              Respectfully submitted,

              CHANDLER, MATHIS & ZIVLEY

            By: */s/ W. Perry Zivley, Jr.*
               W. Perry Zivley, Jr.
               State Bar No. 22280050
               601 Sawyer St., Suite 600
               Houston, TX 77007
               713-739-7722 – Phone
               713-739-0922 – Fax
               pzivley@cmzlaw.net

              ATTORNEY FOR PLAINTIFF
              AMANDA THOMAS

STATE OF TEXAS
COUNTY OF HARRIS

I, Marilyn Burgess, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this 3/25/19

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Rhonda Momon, Deputy